UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number:  06-14050-CIV-MARTINEZ-LYNCH

LEONARD WEIN,

    Plaintiff,

vs.

ST. LUCIE COUNTY, FLORIDA, a political
subdivision of the State of Florida, and METS
PARTNERS, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon Defendant St. Lucie County's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**D.E. No. 42**), night-box filed on October 6, 2006, and Defendant Sterling Facilities Services, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Joinder with Defendant's Motion (**D.E. No. 47**), filed on November 2, 2006.  The Court has carefully considered the motions, Plaintiff's Response in Opposition to St. Lucie's Motion (D.E. No. 45), and is otherwise duly advised.  This case arises from a relatively detailed, twenty-three page, five-count Complaint that alleges violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and the Florida Americans with Disability Act.  Plaintiff alleges that the Tradition Field Stadium is in noncompliance with various provisions of the ADA and that he has suffered discrimination.  In essence, Defendants argue this Court lacks subject matter jurisdiction because Plaintiff lacks standing and the matter is moot.  This Court finds that Defendant does not prevail on these arguments at this juncture of

the litigation, and that the factual issues in this case are better resolved at trial.

From the outset, it should be noted that this Court finds that it is appropriate to consider this motion.  Plaintiff argues that the motion is untimely because the instant motions were filed after September 5, 2006, the deadline for dispositive motions pursuant to this Court's Trial Setting Order (D.E. No. 20).  Plaintiff is correct that this dispositive motion was filed after the deadline.  However, it is well established that issues concerning subject matter jurisdiction can be raised at anytime.  *See* Fed. R. Civ. P. 12(b)(1) & 12(h)(3)*; Baker Oil Tools, Inc. v. Detla S.S. Lions, Inc.*, 562 F.2d 938, 940 (5th Cir. 1977);[1] *In re Waterfront License Corporation*, 231 F.R.D. 693, 393 (S.D. Fla. 2005).  Defendant St. Lucie County explains "St. Lucie County has, as a matter of right, the opportunity to file a motion to dismiss based on lack of subject matter jurisdiction." (D.E. No. 42).  In light of the fundamental nature of subject matter jurisdiction, this Court finds that it must consider the instant motions.  However, this Court does not wish to countenance the Defendants' delay in raising these issues.  This Court notes that Defendant Sterling Facilities Services, LLC's twenty-seven day delay in joining Defendant St. Lucie County's Motion remains unexplained.[2]

Turning to the substance of the instant motions, this Court notes that there is an apparent disconnect between the legal discussion in the parties' briefs.  Defendants' Motions are made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).  Nevertheless, Plaintiff's

---

[1] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Plaintiff's time to file a response to Defendant Sterling Facilities Services, LLC's Motion has not yet passed.  Because this Court denies the instant motions to dismiss, Plaintiff will not be prejudiced.

argument is couched in terms of Federal Rules of Civil Procedure 12(b)(6) and 56(c). Plaintiff's response contains perfunctory arguments that "[b]ecause St. Lucie County presents matters outside the pleadings with its motion to dismiss . . . if the Court does not exclude that testimony, Defendant's motion to dismiss may be treated as a motion for summary judgment." (D.E. 45 at 3).

However, as Defendants correctly observe, under a factual attack to subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court may consider extrinsic evidence such as testimony and affidavits." *Morrison v. Amway Corporation*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (holding that an attack on subject matter jurisdiction under the Family and Medical Leave Act was intertwined with the merits and that granting a motion to dismiss for lack of subject matter jurisdiction was inappropriate). Furthermore, the Eleventh Circuit has explained:

> [W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.

*Id*. at 925 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

However, the Eleventh Circuit has also cautioned that a district court should only rely on Rule 12(b)(1) "[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*" *Id*. (quoting *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997)). For the reasons discussed *infra*, this Court finds that Defendants'

arguments as to why this Court should dismiss this case for lack of subject matter jurisdiction require this Court to make credibility determinations that are closely related to the merits of this case and are more appropriately decided at trial.

     Defendants' first argument is that this Court lacks subject matter jurisdiction because Plaintiff Leonard Wein lacks standing.  Defendant St. Lucie argues: "Based on the testimony and conduct of Mr. Wein, this Court should seriously question the credibility of his claim that he intends to return to Tradition Field."  (D.E. No. 52 at 2).  Defendant emphasizes that Plaintiff has not attended a game at Tradition Field during the last two baseball seasons and that Wein's "claim that he could not enjoy a baseball game since his companion had to sit in front of him, is simply not credible."  *Id*.  In contrast, Plaintiff cites to Wein's Affidavit which states that he "intend[ed] to attend a spring training game this season" (D.E. No. 1, Exh A; D.E. No. 45, Exh. A) and deposition testimony in which Mr. Wein explains that he has not attended a game since 2004 because of barriers he encountered at the stadium.  (Depo. Wein at 62, 70, 87).

     Plaintiff testified:  "[The] bathroom that I tried to go into was not wheelchair accessible. I went in there as being semi ambulatory as you brought out with my cane [sic] and almost took a header falling in the bathroom because the floor was slippery …. It is very humiliating to me to go and know that you can't really enjoy having two beers or something because there is not even a bathroom to relieve yourself safely." (Depo. Wein at 70: 1-5 and 10-13).  Furthermore, Plaintiff testified: "There was no companion seating where I was ever located or directed by the staff to where I was to sit was behind a railing with no companion seating and the guest that I was with had to sit down in front of me – I would sit behind the railing and they were below me. That is not what companion seating is supposed to be . . . . We were not even on the same eye

-4-

level. Below me. Big difference." (Depo. Wein 62: 1-5 and 12-13).  This Court declines to weigh the sincerity of Mr. Wein's intentions or the credibility of his testimony at this juncture.  This Court finds that such factual determinations are better forged in the crucible of trial.

Defendant also emphasizes that Plaintiff has been involved in a number of lawsuits in this district, and the deposition testimony indicates that he is unable to recall which entities he has sued or who his lawyer was in the majority of these suits.  This Court agrees with Defendants that this fact does have some bearing on the credibility of Mr. Wein's testimony. *See Rodriguez v. Investco, LLC*, 305 F. Supp. 2d 1278, 1285 (M.D. Fla.  2004) (noting that "Plaintiff's testimony left the distinct impression that he is merely a professional pawn in an ongoing scheme to bilk attorney's fees from the Defendant.").  However, in the case that Defendants cite for that proposition, *Rodriguez v. Investco, LLC*, the district court evaluated the credibility of the Plaintiff in a non-jury trial on the merits.  In sum, this Court finds that there is not sufficient evidence at this juncture to demonstrate that it is without jurisdiction to hear this case, and Defendant's standing arguments are better addressed at trial.

The second argument that Defendants advance is that this Court lacks subject matter jurisdiction because the issues in this lawsuit are moot.  Defendant St. Lucie County emphasizes that the County agreed to employ an architect, have the architect prepare a report on all accessibility barriers which may exist at Tradition Field, and "committed the County to address any access areas that the report identifies."  (D.E. No. 42 at 9).  Defendant St. Lucie County cites deposition testimony of Mr. Ray Wazny, Assistant County Administrator, that the process of making improvements is underway.  *See id.*  Defendant notes: "While all repairs will not be completed by trial, it is clear from Mr. Wazny's timeline . . . and his testimony that repairs will

be made as soon as the county can authorize the repairs through their internal guidelines." *Id*.

In response, Plaintiff argues: "At best, Defendant is merely promising to stop violating the law at some point in the future." (D.E. No. 45 at 15). This Court observes that this characterization tends to oversimplify the matter in light of the record evidence that the County has taken significant steps toward remedying certain barriers. Defendants have produced evidence that a timeline has been established for removal of barriers, the Board of County Commissioners has approved the renovation, and an invitation to bid has issued. (Depo. Wazny, Exh. 10; D.E. No. 51 at 4). However, on balance, this Court agrees with Plaintiff's argument that "Defendant is asking this Court to abdicate its authority to decide (1) whether Defendant has violated the ADA; or (2) is continuing to violate the ADA; and (3) whether Defendant should be ordered not to violate the ADA in the future." The record evidence is not clear as to what barriers exist, what steps are being taken to remove them, which barriers are being removed voluntarily (to wit above and beyond the legal requirements of the ADA), and thus this Court is satisfied that it has the power to hear the case. *See Morrison*, 323 F.3d at 925.

Lastly, this Court observes that the record evidence is not clear which barriers Plaintiff has standing to litigate. Plaintiff's Opposition Memorandum references a report prepared by Defendants' expert and argues "Defendant's own expert cites approximately 78 barriers to access that have not been removed." (D.E. No. 55 at 13; Exh. B). Plaintiff replies that "Plaintiff only has standing to litigate the alleged barriers identified in Plaintiff's Complaint." (D.E. No. 51 at 4). This observation is well taken. Contrary to Plaintiffs assertions, "Plaintiffs do not have standing to complain about alleged barriers which they were unaware of at the filing of their complaint." *Brother v. CPL Investments, Inc.*, 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004)

(citing *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1365-66 (S.D. Fla. 2001)).  As another court in the Southern District of Florida has explained, "Plaintiff's entry into the stadium does not automatically confer upon him a presumption that he was injured by any and all architectural barriers therein; his entitlement to relief depends on his showing that he was in fact injured, or subject to discrimination, as a result of the alleged violations." *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d at 1365.  Plaintiff's wholesale citation to Defendant's expert report is not particularly helpful.   Nevertheless, after careful consideration of the record evidence, this Court finds that it has subject matter jurisdiction to proceed to trial.  This Court requires further fact finding to determine the extent to which any existing barriers prohibited by law are or are not slated for removal.  In other words, whether this action is moot is better addressed at trial.

For these reasons, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant St. Lucie County's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(D.E. No. 42)** and Defendant Sterling Facilities Services, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Joinder with Defendant's Motion **(D.E. No. 47)** are **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of November, 2006.

                                                                                            _____
                                                                                            JOSE E. MARTINEZ
                                                                                            UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record